

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00072-CV

IN RE CLIFF STEPHENS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Cliff Stephens, proceeding pro se, has petitioned this Court for mandamus relief. Stephens asks this Court to order the Texas Department of Emergency Management and Cass County (Respondents) to "restore lawful court operations by relocating the judge, judicial personnel, and associated infrastructure back to the Cass County Courthouse within a reasonable, court-determined time-frame." In addition, Stephens asks this Court to "[o]rder Respondents to take immediate and affirmative steps to restore armed security at the Cass County Courthouse in full compliance with Texas Government Code § 29.006 and Senate Bill 42."[1] We deny Stephens's requested relief.

Section 22.221 of the Texas Government Code states, in part,

> (a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

> (b) Subject to Subsection (c-1), each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district.

TEX. GOV'T CODE ANN. § 22.221 (Supp.). Therefore, this Court does not have jurisdiction to issue a writ of mandamus against the Texas Department of Emergency Management or Cass

---

[1] Among other things, Stephens also asks this Court to "[d]eclare that the continued offsite operation of judicial functions, in the absence of armed security, a Court Security Committee, and a lawful administrative order, constitutes a violation of state law and a breach of non-discretionary duties imposed upon Respondents." Furthermore, Stephens asks this Court to "[e]njoin Respondents from further neglect by requiring a written certification of compliance with the Court's orders, including confirmation of courthouse security measures, judicial relocation, and the formation of a lawful Court Security Committee, to be submitted within a timeframe set by the Court." For the reasons stated herein, we deny these requests as well.

County unless it is necessary to enforce our jurisdiction in another proceeding. That is not the case here.

Accordingly, we deny Stephens's petition for a writ of mandamus for want of jurisdiction.


Scott E. Stevens
Chief Justice


Date Submitted: August 13, 2025
Date Decided: August 14, 2025